IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BEVERLY CHARLTON,                    )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )          Case No. 06-CV-0190-CVE-FHM
                                     )
ARDENT HEALTH SERVICES, LLC,         )
                                     )
          Defendant.                 )

<u>OPINION AND ORDER</u>

Now before the Court is defendant's motion to dismiss plaintiff's fraud, negligence, and negligent misrepresentation claims (Dkt. # 12).  Plaintiff initially filed suit against defendant in state court, alleging wrongful discharge and other state claims.  Defendant, Ardent Health Services, LLC ("Ardent"), removed based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  On April 12, 2006, defendant filed its motion to dismiss based on failure to plead fraud with particularity, as required by Fed. R. Civ. P. 9(b), and preemption of plaintiff's negligence claims by the Oklahoma Workers' Compensation Act ("OWCA"), Okla. Stat. tit. 85, § 11-12.  Fed. R. Civ. P. 12(b)(6). Plaintiff amended her complaint to attempt to correct deficiencies raised by defendant's motion to dismiss.  Dkt. # 19.

**I.**

A motion to dismiss based on Fed. R. Civ. P. 12(b)(6) for failure to state a claim is properly granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling her to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Yanaki v. Iomed, Inc.</u>, 415 F.3d 1204, 1207 (10th Cir. 2005). When a motion to dismiss is for failure to state a claim upon which relief can be granted, a court must accept all the well-pleaded allegations of the complaint as true and must

construe them in the light most favorable to the nonmoving party.  E.g., Yanaki, 415 F.3d at 1207.

However, the Court need not accept as true those allegations that are conclusory in nature.  Erikson

v. Pawnee County Board of County Commissioners, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "The

court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might

present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a

claim for which relief may be granted."  Sutton v. Utah State School for the Deaf and Blind, 173

F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991)).

## II.

Plaintiff was employed by defendant as a nurse practitioner from June 21, 2004 until on or

about June 27, 2005.  According to plaintiff, in March 2005, her supervisor had a public outburst

which "reduced [plaintiff] to tears and jeopardized her surgery."  Dkt. # 19, at 4.  On May 19, 2005,

defendant took disciplinary action against plaintiff for sleeping on the job, which plaintiff argues

was necessary given her health condition.   According to plaintiff, her disciplinary record

inaccurately read "Ms. Charlton needs to follow directions and focus on her job performance."

Plaintiff quit her job at Ardent.  Plaintiff alleges that she was constructively discharged and that

defendant is guilty of: (1) wrongful discharge - breach of contract; (2) wrongful discharge - public

policy violation; (3) wrongful discharge - breach of duty of good faith and fair dealing; (4) breach

of contract; (5) negligence; (6) violation of Okla. Stat. tit. 21, § 837 (intimidating laborers); (7)

violation of Okla. Stat. tit. 40, § 167 (false statements as to conditions of employment); (8)

defamation; (9) fraud; (10) negligent misrepresentation; (11) intentional infliction of emotional

distress; and (12) respondeat superior.  Plaintiff argues that defendant caused her to suffer increased

blood pressure, fatigue, sleep deprivation, extreme emotional distress, and damage to her

2

professional reputation.  She requests actual damages in the amount of $100,000, punitive damages, costs, fees, and interest.

### III.

The Court <u>sua</u> <u>sponte</u> dismisses several of plaintiff's claims for failure to state a claim.  <u>See Kidd v. Taos Ski Valley, Inc.</u>, 88 F.3d 848, 854 (10th Cir. 1996).  Plaintiff quit her job at Ardent following disagreements with her supervisors.  She alleges that she was required to work on weekends, despite representations that her position would not require her to work weekends.  She also argues that defendant broke its promise when it failed to train her.  "An employer is considered to have discharged an employee if the employer intentionally made or allowed the employee's working conditions to become so intolerable that a reasonable person in the employee's situation would feel that [she] had no choice but to quit."  Okla. Unif. Jury Instr. ("OUJI"), No. 21.8; <u>see Collier v. Insignia Fin. Group</u>, 981 P.2d 321, 322 n.1 (Okla. 1999) (quoting <u>Marshall v. OK Rental & Leasing Inc.</u>, 939 P.2d 1116, 1119 (Okla. 1997)); <u>Anderson v. Oklahoma Temporary Servs., Inc.</u>, 925 P.2d 574 (Okla. Civ. App. 1996) (holding that plaintiff's claim of constructive discharge cannot survive dismissal of her claim of intentional infliction of emotional distress) (<u>see</u> <u>infra</u>).  Based on the allegations in the amended complaint, the Court finds that plaintiff has failed to allege an intolerable work environment under the reasonable person standard established by Oklahoma law. Plaintiff has failed to plead a <u>prima facie</u> case of constructive discharge.  Additionally, plaintiff does not allege that defendant discriminated against her because of a protected status.  As plaintiff was not discharged, expressly or constructively, from Ardent, she cannot bring wrongful discharge claims against it.  Accordingly, the Court dismisses plaintiff's claims for wrongful discharge (Claims 1-3) for failure to state a claim.

Case 4:06-cv-00190-CVE-FHM   Document 27 Filed in USDC ND/OK on 06/30/06   Page 4 of 9

Plaintiff alleges that defendant breached an employment contract when it discharged her, failed to train her, required her to work on weekends, and failed to respond to grievances. Parties to an employment contract may restrict the employer's power to discharge an employee at will through either their express or implied agreement. Hinson v. Cameron, 742 P.2d 549, 554 (Okla. 1987). Plaintiff does not allege that Ardent's Code of Conduct manual limits defendant's power to discharge personnel. "A principal limitation upon recognition of implied contracts via an employee handbook or personnel policy is that the promises in the employee manual must be in definite terms, not in the form of vague assurances." Tsotaddle v. Absentee Shawnee Housing Authority, 20 P.3d 153, 158 (Okla. Civ. App. 2000) (citation omitted). Accordingly, she fails to allege a basis for bringing a breach of implied contract action against Ardent. However, insofar as plaintiff pleads that there is an express employment contract,[1] for which consideration was given, and defendant breached the terms of the express contract, plaintiff's claim for breach of contract survives review under Fed. R. Civ. P. 12(b)(6). Reading the allegations in a light most favorable to plaintiff, the Court finds that her amended complaint is legally sufficient to state a claim of breach of contract (Claim 4) for which relief may be granted.

Plaintiff is misguided in her claims which accuse defendant of violating Okla. Stat. tit. 21, § 837 and Okla. Stat. tit. 40, § 167. The Court sua sponte dismisses plaintiff's claim under the Oklahoma criminal statute prohibiting intimidation of laborers (Claim 6). Okla. Stat. tit. 21, § 837 (misdemeanor). This law does not create a private right of action and, accordingly, plaintiff cannot sue defendant for violations of the criminal statute. Further, plaintiff has failed to state a claim under

---

[1] The Court makes no finding and expresses no opinion as to whether there was an express employment contract.

4

Okla. Stat. tit. 40, § 167 (Claim 7).  Section 167 states:

> It shall be unlawful for any employer of labor doing business in the state, to induce, influence, persuade or engage workmen to change from one place to another in the state, or to bring workmen of any class or calling into this state to work in any of the departments of labor, through or by means of false or deceptive representations, false advertising or false pretenses concerning the kind and character of the work to be done, or amount and character of the compensation to be paid for such work or the sanitary or other conditions of employment or as to the existence or nonexistence of a strike or other trouble pending between employer and employees, at the time of or prior to such engagement. Failure to state in an advertisement, proposal or contract for the employment of workmen that there is a strike, lockout or other labor trouble at the place of the proposed employment, when in fact such strike, lockout or other labor troubles then actually exist at such place, shall be deemed a false advertisement and misrepresentation for the purposes of this section.

Id.  This law concerns false statements as to conditions of employment which induce the employee to relocate.  Plaintiff states that she is a resident of Cleveland, Oklahoma, and that she worked for Ardent at its hospital in Cleveland, Oklahoma.  There is no allegation that defendant persuaded plaintiff to move to Oklahoma or move within Oklahoma.  Further, there is no allegation of false advertising concerning labor disputes.  Accordingly, the Court dismisses plaintiff's claims arising under Okla. Stat. tit. 21, § 837 and Okla. Stat. tit. 40, § 167 for failure to state a claim.

Plaintiff alleges that she was defamed by defendant (Claim 8).  See Okla. Stat. tit. 12, § 1441. To support this claim, plaintiff cites a statement in her disciplinary record which she alleges was false, published, and damaged her professional reputation.  Reading the allegations in a light most favorable to plaintiff, the Court finds that her amended complaint is legally sufficient to state a claim of defamation (Claim 8) for which relief may be granted.

Plaintiff's alleges that she is entitled to relief under the common law tort of intentional infliction of emotional distress (Claim 11).  Oklahoma recognizes as an independent tort the intentional infliction of emotional distress, also known as the tort of outrage. Gaylord Entertainment

v. Thompson, 958 P.2d 128, 149 (Okla. 1998).  In order to prevail on this claim, plaintiff must show that (1) defendant acted intentionally or recklessly; (2) defendant's conduct was extreme and outrageous; (3) defendant's conduct caused plaintiff emotional distress; and that (4) the resulting emotional distress was severe.  Computer Publications, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002).  Recovery under this theory is governed by very narrow standards, however, and "[i]t is the trial court's responsibility initially to determine whether the defendant's conduct may reasonably be regarded as sufficiently extreme and outrageous to meet the [Restatement (Second) of Torts] § 46 standards."  Gaylord, 958 P.2d at 149.  A plaintiff must show the defendant engaged in conduct that was not only unreasonable but also was "beyond all possible bounds of decency in the setting in which it occurred" and was such that it can be "regarded as utterly intolerable in a civilized community." Id. at 149 n.92 (quoting Restatement (Second) of Torts § 46(1) and cmt.d).  "[C]onduct is not extreme and outrageous if it amounts to no more than mere insults, indignities, or petty oppressions." Daemi v. Church's Fried Chicken, Inc., 931 F.2d 1379, 1388 (10th Cir. 1991).

Oklahoma courts have examined a variety of conduct claimed to be outrageous in the employment context, setting a very high standard for actionable conduct.  See Eddy v. Brown, 715 P.2d 74 (Okla. 1986) (supervisor and foreman ridiculing plaintiff in the workplace not actionable); Mirzaie v. Smith Cogeneration, Inc., 962 P.2d 678 (Okla. Civ. App. 1998) (employer calling plaintiff in the middle of the night and browbeating him for hours, requiring him to do unnecessary work, and making derogatory sexual comments about plaintiff's fiancee not actionable); Anderson v. Oklahoma Temporary Services, Inc., 925 P.2d 574 (Okla. Civ. App. 1996) (six events over a two-year period, including supervisor making lewd remarks about plaintiff and embarrassing her by discussing her faults with co-workers, not actionable).  Similarly, the Tenth Circuit, interpreting

6

Oklahoma law, has reinforced the narrowness of the standard to be met for liability for intentional infliction of emotional distress. See Daemi, 931 F.2d at 1388 (affirming district court decision that employer that called employee derogatory names based on national origin, compelled him to terminate or otherwise eliminate his Iranian subordinates because of their national origin, impugned his integrity by accusing him of criminal acts and requiring him to take a polygraph, and ridiculed him publically at seminars not actionable under tort for intentional infliction of emotional distress). Plaintiff alleges that her employer required her to work long hours and reprimanded her for sleeping at the workplace.  Her amended complaint contains conclusory statements that she was subjected to harassment.  The Court finds that, even taken in the light most favorable to the plaintiff, the amended complaint does not allege behavior sufficiently outrageous to support a claim for intentional infliction of emotional distress.  Accordingly, plaintiff's claim for intentional infliction of emotional distress (Claim 11) is dismissed for failure to state a claim.

Finally, the Court sua sponte dismisses the purported claim for respondeat superior (Claim 12).  Respondeat superior is a legal doctrine whereby employers may be held liable for actions of their employees.  See OUJI, No. 7.3.  The doctrine of respondeat superior does not establish a right of action separate from an underlying tort.

### IV.

As to defendant's motion to dismiss, the Court finds that plaintiff's claim of fraud (Claim 9) satisfies the pleadings requirement of Rule 9(b).  See Dkt. # 26, Defendant's Reply, at 5 ("Defendant acknowledges for purposes of its Rule 12 motion that paragraphs 9 and 14 of Plaintiff's Amended Complaint allege representations sufficient to meet the standards articulated in Rule 9(b) . . . .").  Plaintiff alleges that defendant made material misrepresentations through its employees and

its employment handbook.  See Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997) ("True to the rule's straightforward language, this court has held that Rule 9(b) requires only the identification of the circumstances constituting fraud, and that it does not require any particularity in connection with an averment of intent, knowledge or condition of mind.") (citation omitted).  The Court finds that plaintiff has plead her fraud claim with adequate particularity for purposes of Rule 9(b).

Plaintiff's claims of negligence (Claim 5) and negligent misrepresentation (Claim 10) are barred by the OWCA, which "provides for payment of compensation, without regard to fault, for injuries arising out of and in the course of employment." Rogers v. Burger King Corp., 82 P.3d 116, 120 (Okla. Ct. App. 2003).  Liability under the OWCA "'shall be exclusive and in place of all other liability of the employer.'"  Parret v. Unicco Service Co., 127 P.3d 572, 574 (Okla. 2005) (quoting Okla. Stat. tit. 85, § 12).  The OWCA's exclusivity provision has a narrow exception for cases were an employer intentionally harms its employee.  Id.  Plaintiff's claims for negligence and negligent misrepresentation, by definition, do not fit within the narrow "intentional tort exception" to the exclusivity provision of the OWCA.  Id. ("'negligence' and 'willful and wanton misconduct' differ in kind.") (citation omitted) (emphasis in original).

In the alternative, plaintiff argues that her negligence claims fall outside the scope of the OWCA because her injuries are not physical and did not occur "out of and in the course of employment."  Okla. Stat. tit. 85, § 11.  Based upon the allegations in her amended complaint, plaintiff suffered physical injuries in association with any mental injuries.  Further, plaintiff's conclusory statements that her alleged injuries did not arise out of and occur in the course of employment is contradicted by her amended complaint.  Accordingly, the OWCA bars plaintiff from bringing her claims for negligence and negligent misrepresentation in this Court.  To the extent

8

plaintiff has negligence claims against defendant, they must be pursued in the Workers' Compensation Court.

## V.

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss (Dkt. # 12) is **granted in part and denied in part**; it is **granted** as to plaintiff's negligence and negligent misrepresentation claims (Claims 5 and 10); it is **denied** as to plaintiff's fraud claim (Claim 9).

**IT IS FURTHER ORDERED** that **plaintiff's claims for wrongful discharge (Claims 1-3), violation of Okla. Stat. tit. 21, § 837 (Claim 6), violation of Okla. Stat. tit. 40, § 167 (Claim 7), intentional infliction of emotional distress (Claim 11), and respondeat superior (Claim 12) are dismissed sua sponte for failure to state a claim**.  Accordingly, plaintiff's remaining claims are for breach of contract (Claim 4), defamation (Claim 8), and fraud (Claim 9).[2]

**DATED** this 30th day of June, 2006.

Claire V Eagan

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Court's holding is limited to a finding that plaintiff has made allegations in the amended complaint sufficient to withstand dismissal as to these three claims.  The Court makes no finding and expresses no opinion as to whether such claims will withstand a motion for summary judgment.